**CLD-301**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1886
_____

ABDULLAH G. HUBBARD; ROBERT SAUNDERS; NORMAN INGRAM;
JAMES A. WILSON; DAVID T. SCOTT; MICHAEL BARTLEY;
DAMON GIBSON; BRYON WARNER

v.

COMMISSIONER CARL C. DANBERG;
DEPUTY COMMISSIONER THOMAS CARROLL;
ACTING WARDEN BETTY BURRIS; RON HOSTERMAN; MIKE LITTLE;
CAPTAIN MICHAEL MCCREANOR; LT. MICHAEL TRADER;
SUPERVISOR LEE LEPORE; SUPERVISOR JIM MASSIE;
SUPERVISOR TERRY YODER; SUPERVISOR ED BOWERS;
SUPERVISOR DAN ATHERHOLT; SGT. MARVIN CREASY

Robert Saunders, Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:07-cv-00745)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010

Before:  BARRY, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>.

(Filed:  October 13, 2010)
_____

OPINION

_____

PER CURIAM

This is an appeal from the District Court's grant of summary judgment. For the following reasons, we will summarily affirm. <u>See</u> 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

Pro se appellant Robert Saunders is incarcerated in the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. In 2007, Saunders, along with eight other plaintiffs,[1] filed a pro se civil rights action in the District Court pursuant to 42 U.S.C. § 1983. The plaintiffs alleged that various prison officials discriminated against their chapter of the NAACP on the basis of race, discriminated against African American inmates with respect to job placement and other prison procedures, and mistreated disabled prisoners in violation of the Americans with Disabilities Act. In their prayer for relief, the plaintiffs requested that their case be maintained as a class action, but they never filed a motion for class certification.

In August 2009, defendants filed a motion for summary judgment to which plaintiffs never responded, and months later Saunders filed his third motion for appointment of counsel. In March 2010, the District Court granted defendants' motion for summary judgment and denied Saunders's request for counsel. The District Court found that the plaintiffs had failed to exhaust administrative remedies regarding all but

_____

[1]Plaintiff Mel McCallister later voluntarily dismissed his claims.

2

one claim, and rejected that exhausted claim on the merits. Saunders now appeals from that decision[2] and also requests appointment of counsel.

We exercise plenary review over the District Court's grant of Appellees' motion for summary judgment. See Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009). We apply the same standard in reviewing a motion for summary judgment as the District Court. Id. A motion for summary judgment should be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating that a genuine issue of material fact does exist. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir.1999).

The plaintiffs did not raise any genuine issues of material fact regarding defendants' claim of a failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000). Defendants supported their assertion with an affidavit by Claire Robinson, a paralegal in the Delaware Department of Justice, stating that she conducted a search of grievance records which yielded only one reported grievance relating to plaintiffs' claims. See Jones v. Bock, 549

---

[2]We have jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm the District Court's judgment on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

3

U.S. 199, 216-17 (2007) (holding defendants must raise failure to exhaust administrative remedies as an affirmative defense). The grievance was filed by Saunders and alleged discrimination against the prison chapter of the NAACP to which he belonged – NAACP Chapter 2032 ("Chapter 2032"). Saunders was denied relief, and the decision was upheld on administrative appeal. Because the records search turned up no other pertinent grievances, defendants moved for summary judgment on all other claims due to a failure to exhaust administrative remedies.

Although the plaintiffs made a vague reference in their amended complaint to defendant Michael McCreanor refusing to allow grievances involving multiple inmates or racial issues, there is no other evidence that the defendants prevented the filing of grievances. See Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002) (administrative remedy may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the prison grievance process). To the contrary, the fact that Saunders successfully filed a grievance militates against the conclusion that the plaintiffs were impeded from exhausting administrative remedies. Because the plaintiffs failed to come forward with any evidence indicating an impediment to administrative procedures, the District Court correctly granted summary judgment as to all claims which had not been administratively exhausted. See Pa. Prison Soc'y v. Cortes, 508 F.3d 156, 161-62 (3d Cir. 2007).

The plaintiffs also did not raise any genuine issues of material fact with respect to Saunders's claim of racial discrimination against Chapter 2032 in violation of the Equal Protection Clause. The amended complaint claimed that the prison officials closed Chapter 2032's office, prevented chapter members from access to the prison computer room, only allowed chapter meetings if security staff was available, and prevented family and friends from attending group meetings. Evidence accompanying defendants' motion for summary judgment, however, shows that Chapter 2032 continues to operate and is treated no differently than any other prison group. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990) (plaintiffs alleging an equal protection violation must demonstrate that they received different treatment from that received by other individuals similarly situated). All prison groups which previously had access to the computer room were prevented access to allow for more computer classes; VCC policy requires security staff at prison group meetings if a group does not have regular volunteers to run its programs; and family and friends are not allowed at any prison group's regular meetings. Because defendants produced evidence demonstrating that Chapter 2032 still operates and was treated no differently than any other group, and plaintiffs did not provide any evidence to the contrary, the District Court's grant of summary judgment was proper.[3]

---

[3]The grant of summary judgment was also proper, as the District Court mentioned, because the plaintiffs failed to show that any of the defendants were personally involved in any constitutional violation. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

We also agree with the District Court's denial of Saunders's request for appointment of counsel. For the reasons outlined above, Saunders's claims were substantially without merit. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 155-156 (3d Cir. 1993). Accordingly, the District Court did not abuse its discretion in denying Saunders's request for appointment of counsel. See Tabron, 6 F.3d at 158.[4]

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. In light of our disposition, Saunders's request for appointment of counsel is denied as moot.

---

[4]We note that the District Court also discussed the issue of class certification, in part because of its implications regarding plaintiffs' exhaustion of administrative remedies. However, only one plaintiff, Saunders, appealed, he failed to exhaust administrative remedies as to all his claims except for one, and that one claim was properly dismissed on summary judgment. Accordingly, even if plaintiffs had been certified as a class, that class would still have no legitimate claims on appeal.

6